**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE J. KLAUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-695 CAS |
| | ) | |
| SHERIFF, ST. LOUIS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of George J. Klaus (registration no. 1016597), an inmate at Western Missouri Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $25.37. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C.

§ 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $126.83, and an average monthly balance of $28.58. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $25.37, which is 20 percent of plaintiff's average monthly balance.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Complaint**

Plaintiff seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are Sheriff, St. Louis County, Missouri, and the following employees of the St. Louis County Justice Center: Unknown McNutt, Unknown Willis, Unknown Bracy, Unknown Lewis, Unknown Smith, Unknown Thomas, Unknown Dennison, Unknown Moore, Unknown Taliaferro, Unknown Mims, Unknown Jennings, and May Stein.

Plaintiff alleges that he suffers from emphysema, epilepsy, bipolar disorder, and chronic gall bladder inflamation with gallstones. He further alleges that while he was confined at the St. Louis County Justice Center, he "was made to suffer immense pain." Plaintiff claims that defendant Sheriff of St. Louis County was made aware of his condition and "failed to act and protect plaintiff" and "failed to control his acting agents who consistently violated the plaintiff's right to be free from cruel and unusual punishment." Plaintiff claims that defendants McNutt and Willis were acting agents of the Sheriff and "acted with a deliberate indifference to the medical physical suffering of [plaintiff] and . . . intentionally failed to protect the plaintiff's rights to be free from cruel and unusual punishment."

Plaintiff claims that defendant Bracy was also an acting agent of the Sheriff and he "failed to protect the plaintiff from physical and mental suffering, and he intentionally misinformed [plaintiff] as to his medical care, and knowingly and willing[ly] aided officer [sic] under his command to cause suffering to the plaintiff." Plaintiff claims that defendant May Stein "was made aware of the conditions of treatment that [plaintiff] was being made to suffer at the hands of the defendant officers . . . and she failed to protect the plaintiff, as she intentionally aided certain officers . . . who were and had been violating plaintiff's Eighth Amendment rights."

Plaintiff claims that the remaining eight defendants "caused [him] to suffer mentally and physically by their reckless disregard for [his] medical condition, and they intentionally aided each other in causing [him] to suffer physically and mentally by depriving him of access to proper medical care." Last, plaintiff alleges that all defendants knew or should have known of his medical condition and "acted together in a state of mind to intentionally mislead the plaintiff as to coming medical care . . . and appl[ied] two and three month delays in allowing proper medical care." Plaintiff attached numerous exhibits to his complaint, including medical reports from St. Louis University Hospital and Forest Park Hospital, letters from plaintiff, Dr. Hsueh and Dr. Fred Rottnek, three grievances, and a motion to reinstate bond.

### Discussion

Although a pro se complaint is to be liberally construed, the complaint must contain a short and plain summary of facts sufficient to give fair notice of the claim asserted. Means v. Wilson, 522 F.2d 833, 840 (8th Cir. 1975). As previously noted, legal conclusions are not entitled to the assumption of truth. Although plaintiff alleges he has numerous physical ailments, he does not identify the condition(s) to which defendants allegedly were indifferent, nor does he articulate how

defendants were deliberately indifferent to that serious medical condition. As such, the allegations in the instant complaint are conclusory and fail to set forth any facts, which if proved, would suggest an entitlement to relief.

Moreover, to state an Eighth Amendment claim for medical mistreatment, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff's allegation that defendants delayed in allowing "proper medical care" simply is not cognizable as a constitutional violation. See Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006) (disagreement with treatment decisions does not rise to level of constitutional violation; to establish deliberate indifference, plaintiff must show more than even gross negligence); Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996) (inmates have no constitutional right to particular type of treatment). For these reasons, the complaint fails to state a claim upon which relief can be granted and will be dismissed as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as George J. Klaus v. Unknown McNutt, Unknown Willis, Unknown Bracy, Unknown Lewis, Unknown Smith, Unknown Thomas, Unknown Dennison, Unknown Moore, Unknown Taliaferro, Unknown Mims, Unknown Jennings, and May Stein.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $25.37 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted and is legally frivolous.

An Order of Dismissal will accompany this Memorandum and Order.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this __14th__ day of September, 2009.